# IN THE COURT OF APPEALS OF IOWA

No. 15-0823
Filed October 28, 2015

IN THE MATTER OF R.B.,
ALLEGED TO BE SERIOUSLY
MENTALLY IMPAIRED,

R.B.,

Respondent-Appellant.

_____

Appeal from the Iowa District Court for Marshall County, James C. Ellefson, Judge.

An involuntarily committed person appeals arguing evidence was insufficient to find he was seriously mentally impaired. **AFFIRMED.**

C. Aron Vaughn of Kaplan & Frese, L.L.P., Marshalltown, for appellant.

Thomas J. Miller, Attorney General, Gretchen Witte Kraemer, Assistant Attorney General, Jennifer Miller, County Attorney, and Jordan J. Gaffney, Assistant County Attorney, for appellee.

Considered by Doyle, P.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

In 2009, R.B. was found to be seriously mentally impaired and was hospitalized. Thereafter, he has remained under court supervision through various placements. In August 2014, after receipt of a progress report recommending R.B. remain under alternative placement at the Iowa Veterans Home, the magistrate court issued an order approving the recommendation. On appeal from that ruling, the district court held a hearing and affirmed the magistrate court. From that ruling, R.B. appeals claiming insufficient evidence supports the district court's finding that he is seriously mentally impaired under Iowa Code section 229.1(17) (2013).[1]

> [T]he elements of serious mental impairment must be established by clear and convincing evidence and the district court's findings of fact are binding on us if supported by substantial evidence. Evidence is substantial if a reasonable trier of fact could conclude the findings were established by clear and convincing evidence. We will not set aside the trial court's findings unless, as a matter of law, the findings are not supported by clear and convincing evidence.

*In re J.P.*, 574 N.W.2d 340, 342 (Iowa 1998).

---

[1] The Iowa Code defines "seriously mentally impaired" to be a condition of a person with a mental illness who "lacks sufficient judgment to make responsible decisions with respect to the person's hospitalization or treatment," and meets any of the following criteria because of the illness:

a. Is likely to physically injure the person's self or others if allowed to remain at liberty without treatment.

b. Is likely to inflict serious emotional injury on members of the person's family or others who lack reasonable opportunity to avoid contact with the person with mental illness if the person with mental illness is allowed to remain at liberty without treatment.

c. Is unable to satisfy the person's needs for nourishment, clothing, essential medical care, or shelter so that it is likely that the person will suffer physical injury, physical debilitation, or death.

Iowa Code § 229.1(17).

The district court made detailed findings of fact in support of its decision. As the district court explained:

> Before his [traumatic brain] injury in 2010, he was diagnosed with schizophrenia, he has a history of antisocial behavior, and he has a history of substance abuse involving opiates, cannabis, methamphetamine, and alcohol. He has had a longstanding problem with impulse control, which may be the result of one or more head injuries. His impulse control problems are exacerbated by drinking.

The district court also summarized four neuropsychological evaluations that revealed significant cognitive impairments in multiple domains and noted his condition was not improving. R.B. has impulse control problems that sometimes lead to acts of aggression. When he is out of the facility on a furlough or pass, he has a history of throwing away his medications and becoming intoxicated, placing himself in danger.

We determine there is sufficient evidence to support the findings of the district court by clear and convincing evidence that R.B. is seriously mentally impaired under Iowa Code section 229.1(17) and that he shall remain under the alternative placement as previously ordered. We affirm pursuant to Iowa Court Rule 21.26(1)(b).

**AFFIRMED.**